IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIRCUIT CIVIL CASE NO.: _____

DEBORAH CARR,

8:06-CV-00783-T-27TGW

Plaintiff,

vs.

MEDINVEST COMPANY LIMITED
PARTNERSHIP d/b/a PALMS OF LARGO,
NRAI SERVICES, INC. and GEC GROUP, LLC

Defendants.
_____/

## COMPLAINT

Plaintiff, DEBORAH CARR, by and through her undersigned attorneys, hereby sues the Defendants, MEDINVEST COMPANY LIMITED PARTNERSHIP d/b/a PALMS OF LARGO, hereafter referred to as "MEDINVEST", NRAI SERVICES, INC., hereafter referred to as "NRAI" and GEC GROUP, LLC hereafter referred to as "GEC" and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Pinellas County because a substantial part of the events giving rise to this claim arose in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "A".

1

5. A notification of Right to Sue was received from the EEOC and a copy is attached as Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

6. More than 180 days have passed since the filing of this charge.

7. Defendants, MEDINVEST, NRAI and GEC, are employers as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

8. Plaintiff is a resident of Pinellas County, Florida.

9. Defendant, MEDINVEST, is a foreign limited partnership, licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

10. Defendant, NRAI, is a foreign profit partnership, licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

11. Defendant, GEC, is a Florida limited liability partnership, licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

## GENERAL ALLEGATIONS

12. At all times material, Defendants, MEDINVEST, NRAI and GEC, acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

13. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

14. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

15. Plaintiff requests a jury trial for all issues so triable.

## FACTS

16. On or about January 10, 2005, Plaintiff was hired by Defendants as a Certified Nursing Assistant.

17. In August 22, 2005, Plaintiff provided a doctor's note to her supervisor, Rosa Campus informing her that she could not lift over 25 pounds because of the fact that she was two months pregnant.

18. Ms. Campus informed Plaintiff that light duty was only given to injured employees.

19. On or about August 24, 2005, Plaintiff was terminated from her employment.

## COUNT I
## TITLE VII – PREGNANCY DISCRIMINATION

20. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 19.

21. Plaintiff is a member of a protected class under Title VII.

22. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

23. Defendants knew, or should have known of the discrimination.

24. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, DEBORAH CARR, prays for the following damages against Defendants:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotion pain and suffering;

e.    Punitive damages;

f.    For costs and attorney's fees;

g.    Injunctive relief;

h.    For any other relief this Court deems just and equitable.

## COUNT II
## FCRA- GENDER DISCRIMINATION

25.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 19.

26.    Plaintiff is a member of a protected class under the Florida Civil Rights Act.

27.    By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of her gender in violation of the Florida Civil Rights Act.

28.    Defendants knew, or should have known of the discrimination.

29.    As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, DEBORAH CARR, prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotion pain and suffering;

      e.      Punitive damages;

      f.      For costs and attorney's fees;

      g.      Injunctive relief;

      h.      For any other relief this Court deems just and equitable.

Dated the 17th day of March 2006.

FLORIN ROEBIG, P.A.

WOLFGANG M. FLORIN, ESQUIRE
CHRISTOPHER D. GRAY, ESQUIRE
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
FL Bar Nos.: 907804 & 902004
Attorneys for Plaintiff

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 151-2005-03529 |

Florida Commission On Human Relations _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Deborah E. Carr | | 07-05-1981 |

| Street Address | City, State and ZIP Code |
|---|---|
| 703 C East Bay Drive #130 | Largo, FL 33771 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PALMS OF LARGO, INC. | 500 or More | (727) 559-7888 |

| Street Address | City, State and ZIP Code |
|---|---|
| 499 Alternate Keene Road | Largo, FL 33771 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-24-2005    Latest: 08-24-2005
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Personal Harm:**

On August 24, 2005, I was discharged from my position of Certified Nursing Assistant. I had been employed since January 10, 2005.

**Respondent's Reason For Adverse Action:**

Rosa Campus, Supervisor, informed me that I could no longer work there because I had to lift. Christine Hurhak, Human Resources Director, informed me that they only give light duty to employees who are injured on the job. Natasha Belichka, Director of Nursing, informed me that I could no longer work there with the requirement of a 25 pound lifting restriction.

**Discrimination Statement:**

I believe that I was discriminated against on the basis of my sex; female, (pregnancy related), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Sep 13, 2005    *Deborah E. Carr*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT "A"

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Deborah E. Carr<br>703 C East Bay Drive #130<br>Largo, FL 33771 | From: Tampa Field Office - 511<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 151-2005-03529 | Robert Curry, Investigator | (813) 202-7937 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____  1/19/06
Manuel Zurita,  (Date Mailed)
Director

Enclosure(s)

cc: Kevin R. Coan, Esq.
Parsinen Kaplan Rosberg & Gotlieb P.A.
100 South Fifth Street, Suite 1100
Minneapolis, Minnesota 55402

EXHIBIT "B"